# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Norman K. Flowers, | Case No. 2:24-cv-01506-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Jaymie, R.N., | |
| Defendant. | |

Before the Court is pro se inmate Plaintiff Norman K. Flowers' motion for appointment of counsel (ECF No. 17) and Defendant Jaymie, R.N.'s motion for extension of time (ECF No. 18). Because the Court finds that Plaintiff has not demonstrated exceptional circumstances at this stage, it denies his motion for appointment of counsel without prejudice. Because the Court finds that Defendant has shown good cause for the extension she seeks, the Court grants her motion to extend time.

## I.      Discussion.

### A.      Motion for appointment of counsel.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court denies Plaintiff's motion because it does not find that he has demonstrated exceptional circumstances. Given the early stage of the case, although Plaintiff's claim against Defendant has passed screening, it is otherwise unclear whether Plaintiff will ultimately succeed on the merits. On the other hand, Plaintiff has thus far demonstrated an ability to articulate his claims pro se despite the challenges he describes, including his limited access to the law library. So, although Defendant does not oppose the motion, the Court denies Plaintiff's motion for appointment of counsel without prejudice.

### B.    Motion to extend time.

Defendant moves to extend the deadline to file dispositive motions by sixty one days, until August 10, 2026, explaining that the departure of several of her counsel's colleagues and influx of reassigned matters has made it so that she cannot meet the current deadline. (ECF No. 18). Plaintiff did not respond to the motion, constituting his consent to the Court granting it. *See* LR 7-2(d). The Court further finds that Defendant has shown good cause. *See* Fed. R. Civ. P. 16(b). So, the Court grants Defendant's motion and will extend the joint pretrial deadline accordingly.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 17) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Defendant's motion to extend time (ECF No. 18) is **granted.** The following deadlines shall govern discovery:

Dispositive motions:              August 10, 2026

Joint pretrial order:              September 9, 2026[1]

DATED: June 29, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.